ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, January 27, 2020 12:48:58 PM
CASE NUMBER: 2020 CV 00456 Docket ID: 34258995
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY OHIO

| | |
|---|---|
| **SARA RENEE COOK**<br>16 Merritt Pass<br>Springboro, OH 45066 | CASE NO.: |
| | JUDGE |
|     Plaintiff, | |
| v. | **COMPLAINT** |
| **NATION EXPRESS, LLC**<br>SERVE: Anis Tayar<br>5000 Wyoming Street, Suite 136<br>Dearborn, MI 48126 | |
| and | |
| **MOHAMMED A. AL-LABANI**<br>1539 Canterbury<br>Dearborn, MI 48120 | |
| and | |
| **ALMODRY TRANSPORTATION INC.**<br>SERVE: Ammar Saleh, Agent<br>18894 Robert Street<br>Melvindale, MI 48122 | |
|     Defendants. | |

Sara Renee Cook files the following complaint.

## PARTIES

1.  Sara Renee Cook was a domiciliary and citizen of the State of Ohio, residing in Warren County.

1



2. Defendant Nation Express LLC ("dba Nation Express") is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 2263299 and is a business entity organized and existing under the laws of the State of Michigan with its principal place of business in Dearborn, Michigan. Nation Express has designated Anis Tayar as its agent for the purposes of service of process of this complaint under 49 C.F.R. §366.

3. Defendant Almodry Transportation Inc. ("dba Almodry Transportation") is a business entity organized and existing under the laws of the State of Michigan with its principle place of business in Melvindale, Michigan. Almodry Transportation has designated Ammar Saleh as its agent for the purposes of service of process of this complaint under 49 C.F.R. §366.

4. Defendant Mohammed A. Al-Labani resides at 1539 Canterbury, Dearborn, Michigan 48120.

### JURISDICTION and VENUE

5. This Court has subject matter jurisdiction, Ohio Rev. Code Ann. § 2305.01 as well as personal jurisdiction over the Defendants as the crash happened in Montgomery County, Ohio. Sara Cook submits to the jurisdiction of this Court.

### DEFENDANTS' ROLES IN THE TRANSPORTATION BUSINESS

6. At all times material hereto, Defendant Nation Express LLC was a for hire motor carrier operating under the authority of the United States Department of Transportation ("USDOT").

7. In applying for and maintaining operating authority as a motor carrier, Defendant Nation Express LLC certified to the USDOT that it would:

   a. Have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

   b. Have in place a driver safety training/orientation program;

2

    c. Be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 CFR 391);

    d. Have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance; and,

    e. Comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

8. At the time of the crash, Defendant Almodry Transportation Inc. was the registered owner of the 2006 Freightliner truck with VIN# 1FUJBBCK86LW26449 ("Truck") involved in this Crash.

9. At all relevant times, the Truck was a commercial motor vehicle as that term is defined under Ohio law, and it was being operated under the control and USDOT authority of Defendant Nation Express LLC.

10. At all relevant times, Defendant Mohammed A. Al-Labani was a licensed commercial vehicle operator driving the Truck in the course and scope of his agency with the Nation Express LLC.

## BACKGROUND FACTS

11. On April 10, 2019, Plaintiff Sara Renee Cook was driving in the center lane southbound on Interstate 75. At the same time, Defendant Mohammed A. Al-Labani was driving a tractor and trailer (the Truck) southbound, in the left lane, on Interstate 75 when he failed to properly look before negligently turning and/or merging into the center lane. Defendant struck Plaintiff's vehicle causing Plaintiff's vehicle to spin around the front of Defendant's Truck, striking the left side of Defendant's Truck and trailer unit before coming to a stop. Plaintiff was unaware of Defendant's lane change and no evasive action could be taken.

## FIRST CAUSE OF ACTION
*Negligence of Mohammed A. Al-Labani*

12. All allegations and causes of action above are incorporated into this cause of action by reference.

13. On April 10, 2019, Plaintiff Sara Renee Cook was driving a compact car southbound on Interstate 75.

14. Defendant Mohammed A. Al-Labani was driving a tractor and trailer (the Truck) southbound on Interstate 75 and failed to properly look before negligently transitioning into the center lane thereby crashing into Plaintiff's vehicle.

15. Defendant Mohammed A. Al-Labani had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, obey all traffic devices and to yield when changing lanes.

16. On April 10, 2019, Defendant Mohammed A. Al-Labani failed in the above-mentioned duties and is therefore negligent.

17. As a direct and proximate result of Defendant Mohammed A. Al-Labani's negligence, Plaintiff Sara Renee Cook has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; has incurred lost wages in an undetermined amount and will continue to incur lost wages in the future ; has suffered damages for the lost enjoyment of life and lost the ability to perform usual activities, resulting in a diminished quality of life and loss of enjoyment of life.

## SECOND CAUSE OF ACTION
### Statutory Violations of Mohammed A. Al-Labani

18. All allegations and causes of action above are incorporated into this cause of action by reference.

19. Defendant Mohammed A. Al-Labani violated state and federal statutes and regulations, including but not limited to ORC 4511.33 (failing to stay in marked lanes), OR.C. § 4511.202 (failing to maintain reasonable control), ORC 4511.27 (improper lane change) and 49 C.F.R. §§ 350-399, O.A.C. 4901:2-5-02 through 4901:2-5-08, ORC § 4511.21A.

20. Defendant Mohamed A. Al-Labani's statutory violations directly and proximately caused Plaintiff Sara Renee Cook's damages and injuries as outlined above.

21. Defendant Mohammed A. Al-Labani is negligent *per se* based on these statutory and regulatory violations.

## THIRD CAUSE OF ACTION
### Vicarious Liability of Defendant Nation Express LLC

22. All allegations and causes of action above are incorporated into this cause of action by reference.

23. At all relevant times, Defendant Mohammed A. Al-Labani was the employee, agent, servant, or independent contractor for Defendant Nation Express LLC or otherwise operating a commercial truck and trailer interstate under the authority of National Express LLC and acting within the course and scope of his agency or employment, under the direct control and for the benefit of Defendant Nation Express LLC. Accordingly, Defendant Nation Express LLC is vicariously liable for the acts of Defendant Mohammed A. Al-Labani described in the causes of action above.

5

24. Regardless of the employment or agency relationship, Defendant Nation Express is an interstate motor carrier responsible for the acts of Defendant Mohammed A. Al-Labani.

### FOURTH CAUSE OF ACTION
*Strict Liability of Defendant Nation Express LLC*

25. All allegations and causes of action above are incorporated into this cause of action by reference.

26. Defendant Nation Express LLC is the registered owner of the USDOT number 2263299 displayed on the tractor-trailer involved in this collision and is therefore responsible for the acts of Defendant Mohammed A. Al-Labani.

### FIFTH CAUSE OF ACTION
*Negligence of Defendant Nation Express LLC*

27. All allegations and causes of action above are incorporated into this cause of action by reference.

28. Defendant Nation Express LLC had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

29. Defendant Nation Express LLC breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

    a. Failing to verify and ensure that Defendant Mohammed A. Al-Labani operated the Truck in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

    b. Failing to properly train and instruct Defendant Mohammed A. Al-Labani and its drivers on defensive driving, safe driving, proper following distance and proper lookout;

    c. Failing to properly supervise Defendant Mohammed A. Al-Labani and identify dangerous routes and driving behavior that could have been corrected to avoid this crash;

    d. Negligently entrusting the truck to Defendant Mohammed A. Al-Labani.

    e. Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff;

    f. failing to properly inspect the Truck in violation of 49 CFR 396.11; and/or

    g. failing to maintain the Truck in proper repair in violation of 49 CFR 396.1.

30. Defendant Nation Express LLC's negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff including but not limited to 49 C.F.R. §§ 350-399 and O.A.C. 4901:2-5-02 through 4901:2-5-08.

31. Defendant Nation Express LLC's negligence and statutory violations were the direct and proximate cause of Sara Renee Cook's injuries and the damages described in this Complaint.

### SIXTH CAUSE OF ACTION
*Negligent hiring & retention against Defendant Nation Express LLC*

32. All allegations and causes of action above are incorporated into this cause of action by reference.

33. Defendant Nation Express LLC had a duty to only hire and retain safe, qualified and competent professional truck drivers to operate its commercial motor vehicles.

34. Defendant Nation Express LLC breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

    a. Failing to perform or improperly performing background, driving record, physical fitness to drive and/or character investigations that would have revealed Defendant Mohammed A. Al-Labani was unfit to operate a commercial motor vehicle;

    b. Hiring Defendant Mohammed A. Al-Labani despite his poor safety and driving record, which was or should have been known to Defendant Nation Express LLC; and,

    c. Failing to perform or improperly performing annual performance review and checking medical evaluations and driving records that would have revealed Defendant Mohammed A. Al-Labani was unfit to operate a commercial motor vehicle.

    d. Defendant Nation Express LLC's negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff.

35. Defendant Nation Express LLC's negligence directly and proximately caused the Plaintiff's Damages.

### SEVENTH CAUSE OF ACTION
*Negligent entrustment of Defendant Almodry Transportation Inc.*

36. All allegations and causes of action above are incorporated into this cause of action by reference.

37. Defendant Almodry Transportation Inc. had a duty to avoid the foreseeable harm posed by entrusting the Truck to a dangerous and unqualified driver like Defendant Mohammed A. Al-Labani.

38. Defendant Almodry Transportation Inc. breached that duty and was therefore negligent, when it entrusted the Truck to Defendant Mohammed A. Al-Labani despite his poor driving record and unfitness to operate a commercial motor vehicle, which were or should have been known to the Almodry Transportation Inc.

39. Defendant Almodry Transportation Inc.'s negligence directly and proximately caused the Plaintiff's Damages.

## EIGHTH CAUSE OF ACTION
### *Strict Liability of Defendant Almodry Transportation Inc.*

40. All allegations and causes of action above are incorporated into this cause of action by reference.

41. At the time of the crash, Defendant Mohammed A. Al-Labani was operating the Truck, a dangerous instrumentality, with Defendant Almodry Transportation Inc.'s permission and/or for its benefit.

42. Defendant Almodry Transportation is the recorded owner of the tractor-trailer involved in this collision, as listed on the crash report, and is therefore responsible for the acts of Defendant Mohammed A. Al-Labani.

**WHEREFORE**, Plaintiff Sara Cook respectfully requests judgment in her favor and against Defendants, Mohammed A. Al-Labani, Almodry Transport Inc. and Nation Express LLC, jointly and severally, in an amount that is just and fair and in excess of twenty-five thousand dollars ($25,000.00) (exclusive of costs and interest), in addition to prejudgment interest, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

**RITTGERS & RITTGERS**

Charles M. Rittgers #0086567
Wesley M. Nakajima #0084563
Attorneys for Plaintiff
12 East Warren Street
Lebanon, Ohio 45036
Telephone: (513) 932-2115
Fax: (513) 934-2201
charlie@rittgers.com
matt@rittgers.com

**INSTRUCTIONS TO CLERK:**

The instructions to the clerk are filed separately.

Charles M. Rittgers, #0086567
Wesley M. Nakajima #0084563

10