IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SARA RENEE COOK,**

      **Plaintiff,**

  v.                                       Civil Action 3:20-cv-77
                                                Judge Thomas M. Rose
                                                Magistrate Judge Jolson

**NATION EXPRESS, LLC, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on two discovery disputes about Plaintiff's upcoming independent medical examinations ("IME") scheduled to take place next week in Ohio. Plaintiff requests that: (1) she be permitted to video record her exam with Defendants' rebuttal expert, Dr. Vijaykumar Balraj; and (2) Defendants produce the raw data from Dr. Balraj's exam. Additionally, since briefing these issues, the parties have agreed that Defendants will reimburse one-third of Plaintiff's travel-related expenses.

For the reasons that follow, Plaintiff's request to video record her exam with Dr. Balraj is **DENIED**. Her request for Dr. Balraj's raw data, however, is **GRANTED**. Should Dr. Balraj agree to proceed with Plaintiff's IME, Defendants are **ORDERED** to produce the raw data from that exam. As discussed further below, the parties may address Dr. Balraj's ethical and privacy concerns through an agreed protective order.

Given these findings, the parties must decide how expert discovery should proceed at this juncture. To begin, they must meet and confer regarding an agreed protective order to govern the raw data from Dr. Balraj's examination. The parties are **DIRECTED** to submit a joint status report by January 21, 2021, regarding the outcome of these discussions. Specifically, they must

update the Court as to whether Dr. Balraj has agreed to examine Plaintiff pursuant to an agreed protective order. If Dr. Balraj has so agreed, the parties shall include the proposed protective order for the Court's review. Upon approval, the parties shall proceed with the three examinations as scheduled, consistent with their agreement that Defendants cover one-third of Plaintiff's travel expenses.

Conversely, if Dr. Balraj refuses to examine Plaintiff in light of this Opinion and Order, the remaining two IMEs shall proceed as scheduled pursuant to the agreed reimbursement plan. Should Defendants secure a different rebuttal witness, requiring Plaintiff to return to Ohio for another IME, the Court will consider alternative fee arrangements. Finally, if appropriate, the parties shall include in their status report a proposed revised rebuttal expert deadline.

## I.     BACKGROUND

This is a personal injury negligence action stemming from an April 2019 motor vehicle accident. (*See generally* Doc. 2). The parties are currently engaging in expert discovery, and deadlines are quickly approaching. Defendants produced reports from three experts, two of whom are scheduled to examine Plaintiff next week in Ohio. Plaintiff produced an expert report from Dr. Marc Orlando, who, based upon his examination of Plaintiff, opined that Plaintiff suffers from numerous neurological and mental health issues requiring extensive evaluation and treatment. Defendants retained Dr. Balraj to rebut Dr. Orlando's report. For the sake of convenience, the parties scheduled Dr. Balraj's IME also for next week.

## II.    DISCUSSION

Plaintiff seeks two conditions for Dr. Balraj's exam. She asks that the exam be video recorded and that Defendants produce all of the raw data gathered during the exam. The Court addresses each request in turn.

### A. Video Recording

Absent a "'special need or good cause'" federal courts do not permit a party to record an IME. *Madej v. Maiden*, No. 2:16-CV-658, 2017 WL 3446489, at *5 (S.D. Ohio Aug. 11, 2017) (quoting *Spencer v. Huron Cty.*, No. 15-CV-12209, 2016 WL 4578102, at *3 (E.D. Mich. Sept. 2, 2016)). Good cause or special need exists where there is a showing of bias or where a party is incompetent. *Spencer*, 2016 WL 4578102, at *3 (citation omitted); *see, e.g.*, *Parker v. Miller*, No. 2:16-CV-1143, 2018 WL 4077454, at *2 (S.D. Ohio Aug. 27, 2018) (allowing video recording where plaintiff had an "impaired mental capacity").

Plaintiff does not set forth any reason, let alone good cause or a special need, to deviate from this general rule. Rather, based upon the cases she cites, it appears Plaintiff believes, "because this is an 'adversarial proceeding,' and because Dr. [Balraj] has been hired by the Defendants to conduct the examination, . . . Dr. [Balraj] cannot be trusted to conduct a proper 'independent' psychiatric exam and Plaintiff[] should therefore be permitted to record [it]." *Elder v. Harrison Twp.*, No. 10-CV-13144, 2014 WL 6668696, at *3 (E.D. Mich. Nov. 24, 2014). "Were this the law, recordings of such exams would be routine. But they are not." *Id*.

Dr. Balraj "may not be truly 'neutral' or 'independent,' given the adversarial nature of the litigation," but "the mere fact that parties are in opposition and hire experts does not, in itself, constitute a sufficient bias attributable to the expert that would require recording of the examinations." *Spencer*, 2016 WL 4578102, at *4 (citation omitted). Otherwise, "virtually every examination could be recorded, a contradiction of the majority rule requiring a special need." *Id*. (quotation marks and citation omitted). Importantly, Plaintiff "will still have the opportunity to challenge any inaccuracies in [Dr. Balraj's] findings through [her] own testimony, the testimony of [her] witnesses, and cross-examination of [Dr. Balraj]." *Id*.

As Plaintiff has failed to set forth good cause or a special need, the Court **DENIES** her request to video record Dr. Balraj's exam.

**B. Raw Data**

Plaintiff is, however, entitled to the raw data underlying Dr. Balraj's opinions. "Rule 26 and binding Sixth Circuit precedent is clear: [Plaintiff] [is] entitled to all the facts or data considered by the expert witness, Dr. [Balraj], in forming [his] opinions." *McCumons v. Marougi*, No. 08-CV-11164, 2011 WL 13214416, at *3 (E.D. Mich. Feb. 15, 2011). And "[t]he raw test score[s]" and data from Dr. Balraj's exam "are clearly data considered by the witness." *Bain v. Wrend*, No. 5:15-CV-202, 2017 WL 11505976, at *1 (D. Vt. Sept. 6, 2017). "There is no basis for skirting the requirements of the rule, which were added to ensure complete disclosure in advance of trial of the substance and basis for expert testimony." *Id*. Significant here, "[t]his rule is no less applicable where the data sought relates to the mental health of the plaintiff." *McCumons*, 2011 WL 13214416, at *3 (collecting cases).

In his affidavit, Dr. Balraj notes privacy and ethical concerns with sharing licensed testing materials with non-professionals. But these concerns "do[] not preclude [Plaintiff's] counsel from questioning Dr. [Balraj] about the responses he received and how he scored and evaluated them." *Bain*, 2017 WL 11505976, at *2 (ordering production of data despite expert's concern "that raw test data may be misunderstood by lay people").

Plaintiff has a right to "examine[] closely" and "test[] and challenge[]" Dr. Balraj's "procedure in obtaining and interpreting tests" conducted during the exam. *Id*. (noting that the ethical guidelines of the American Psychological Association ("APA") permit the release of test data on the basis of a release or a court order); *see also Wile v. James River Ins. Co.*, No. 17-CV-1275S(SR), 2020 WL 5995183, at *4 (W.D.N.Y. Oct. 9, 2020) (noting the same and directing

4

expert to "disclose her raw data" from the medical examination); *McCummons*, 2011 WL 13214416, at *3–4 (holding that "Rule 26 and Sixth Circuit precedent is clear" regarding an expert's disclosure requirements and ordering expert to produce raw data despite concerns "that the data would be misinterpreted by someone not qualified to administer the tests").

What is more, "any conflict between the demands of the Federal Rules and the APA's Ethical Principles can be eliminated by court order." *Bain*, 2017 WL 11505976, at *2 (quotation marks and citation omitted).  For example, the protective order could "limit[] disclosure to [plaintiff's] psychologist or other expert and [] counsel for purposes of this this case only." *Id*. at *3.  Additionally, it could prohibit the "disclosure of the test results to parties on either side or to other lay people who could misuse or misinterpret the information." *Id*.  And "[i]n the event of a trial," the parties could agree that "the test results may be used by either side in the course of examination of [Dr. Balraj] and other experts qualified to comment on the results." *Id*.

In sum, Dr. Balraj's ethical concerns, which can be alleviated through court order, do not outweigh Plaintiff's right to test his conclusions.  Accordingly, Plaintiff's request for the raw data gathered Dr. Balraj's exam is **GRANTED**.  Should Dr. Balraj agree to proceed with Plaintiff's IME, Defendants are **ORDERED** to produce this data consistent with the requirements of Rule 26 of the Federal Rules of Civil Procedure.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's request to video record her exam with Dr. Balraj is **DENIED**.  Her request for Dr. Balraj's raw data, however, is **GRANTED**.

The parties are **DIRECTED** to submit a joint status report by January 21, 2021, regarding the outcome of their meet and conferral efforts.  Specifically, they must update the Court as to whether Dr. Balraj has agreed to examine Plaintiff pursuant to an agreed protective order.  If Dr.

Balraj has so agreed, the parties shall include the proposed protective order for the Court's review. Upon approval, the parties shall proceed with the three examinations as scheduled, consistent with their agreement that Defendants cover one-third of Plaintiff's travel expenses.

Alternatively, if Dr. Balraj refuses to examine Plaintiff in light of this Opinion and Order, the remaining two IMEs shall proceed as scheduled pursuant to the agreed reimbursement plan. Should Defendants secure a different rebuttal witness, requiring Plaintiff to return to Ohio for another IME, the Court will consider alternative fee arrangements. Finally, if appropriate, the parties shall include in their status report a proposed revised rebuttal expert deadline.

IT IS SO ORDERED.


Date:   January 19, 2021                    /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE